## IN THE SUPERIOR COURT OF GUAM

FILE

2014 FEB -3 AM 9: 12

CLERK OF COURT

| | |
|---|---|
| RICHARD J. & EDWARD G. UNTALAN, | CIVIL CASE NO. CV1212-11 |
| Plaintiffs, | |
| v. | **DECISION AND ORDER ON DEFENDANT'S OBJECTION TO AND REQUEST FOR DISQUALIFICATION OF JUDGE UNDER 7 GCA § 6105(a) AND § 6107** |
| CHRISTOPHER STAHL, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Defendant Christopher Stahl's ("Defendant") Objection to Judicial Competency ("Objection"). Defendant objects to the Honorable Judge Vernon P. Perez (hereinafter "Judge Perez") continuing to preside over the above captioned case and requests the case be reassigned to another judge. Attorney Ron Moroni represents Defendant and filed the Objection on his behalf. Plaintiffs did not file any objection to Judge Perez's competency to preside over this matter.

Having considered the Objection of the Defendant and Answer of Judge Perez, as well as the applicable statutes and case law and the relevant portions of the record, this Court issues the following written Decision and Order DENYING the Plaintiff's request to disqualify Judge Perez and reassign this case.

## RELEVANT BACKGROUND

The original action involved a claim filed by Plaintiffs Richard J. Untalan and Edward G. Untalan ("Plaintiffs") against Defendant for breach of promissory note. Complaint at 1, ¶ 1 (Aug. 3, 2011). Defendant filed his Answer on September 9, 2011. Answer (Sept. 9, 2011). Subsequent to the filing of Defendant's Answer, however, the parties stipulated to allow the Defendant to file a Third Party Complaint against Gutierrez Stahl ("Gutierrez Stahl"), as Third

Party Defendant, which was granted by Judge Perez on June 5, 2011. Stipulation Re: Thrid [sic] Party Complaint (June 5, 2012). The Third Party Complaint alleged that Gutierrez Stahl, as his former wife, was liable for any amounts which may be adjudicated as due to plaintiffs as the "community debt of Christopher and Carla Stahl pursuant to 19 GCA 6102 for which Christopher and Carla Stahl are jointly liable." Third Party Complaint at 2, ¶¶ 4-6 (June 14, 2012). On August 9, 2012, default was entered against Gutierrez Stahl for her failure to plead or otherwise defend against the Third Party Complaint within the time allowed by law. Entry of Default (Aug. 9, 2012). Following the entry of default against Gutierrez Stahl, Plaintiff and Defendant continued to litigate their claims before Judge Perez.

On October 2, 2012, Gutierrez Stahl moved to vacate the entry of default because she had not been personally served with and had no knowledge of Stahl's claims against her as set forth in the Third Party Complaint. Mot. To Vacate Entry of Default at 2 (Oct. 2, 2012). Defendant opposed her motion on February 14, 2013. Opp. To Third Party Defendant's Mot. to Vacate Entry of Default (Feb. 14, 2013). On March 1, 2013, during the hearing on Gutierrez Stahl's motion, Judge Perez granted her request to vacate the default and allowed her to file her response within twenty days thereafter. Minute Sheet (Mar. 1, 2013). At the hearing, Judge Perez also disclosed that he was acquainted with the family, but that it did not require his recusal and that he would be "fair and impartial." *Id.* On July 31, 2013, Judge Perez filed a Notice of Disqualifying Facts in which he disclosed the following: that he has known the family of Gutierrez Stahl and was inducted into a religious order along with Gutierrez Stahl's mother and "forty or more people," which group meets "in group setting for religious events and not very often." Not. Of Disqualifying Facts at 1 (July 31, 2013). He further stated that "because

-2-

this is not a domestic case involving the custody of the grandchildren of Mrs. Gutierrez, I believe I can be fair and impartial in adjudicating the matter." *Id.*

## LAW AND ANALYSIS

### 1. The Statement of Objection is Procedurally Defective.

Judicial disqualifications in Guam are governed by the substantive rules of 7 GCA § 6105 and the procedural rules of 7 GCA § 6107. Objections to competency, when a judge neglects or fails to declare his disqualification, must set forth the fact or facts constituting the ground of disqualification of the judge and shall be served by the presenting party on each party, or his attorney who has appeared in the action, <u>and</u> on the judge alleged in such statement to be disqualified. 7 G.C.A. § 6107. Section 6107 requires that statements of objection (1) "be served ... on the Justice or Judge alleged in such statement to be disqualified," (2) "be verified in the manner prescribed for the verification of pleadings," and (3) "be presented at the earliest practicable opportunity...." *Id.* A party's failure to comply with any of these requirements constitutes sufficient grounds to strike or disregard the statement of objection. *People v. Johnny,* 2006 Guam 10 ¶ 11 (citing *Long Term Credit Bank of Japan v. Superior Court,* 2003 Guam 10 ¶ 43)(observing that "because service was deficient, the [challenged judge] was not required to file an answer.").

### A. A recusal statement must be served upon the judge personally.

The Guam Supreme Court has held that "under section 6107, a recusal statement must be served on the judge personally, into the judge's hands." *Long Term Credit Bank of Japan,* 2003 Guam ¶ 40. It is unclear from the record whether the Defendant's statement, filed on August 9, 2013, was personally served upon either the non-objecting parties (namely, Plaintiffs Richard J. Untalan and Edward G. Untalan and Third-party Defendant Carla Stahl) or upon

Judge Perez, or, if it had been placed "into the judge's hands," *when* it was so served. If it is improperly served, a statement of objection is formally defective and may be stricken. *Van Dox v. Super. Ct. (Alcorn)*, 2008 Guam 7 ¶¶ 25-26 (citing *People v. Johnny,* 2006 Guam 10). Moreover, where service is deficient, the judge is not required to file an answer. *Long Term Credit Bank* ¶ 43. However, this procedural defect was waived by Judge Perez when he failed to raise the defect in his Answer. *Id.*

**B.    The recusal statement was defective because it was not verified in the manner prescribed for pleadings; however, the defect was waived.**

The statement of objection was also defective in that it failed to "be verified in the manner prescribed for the verification of pleadings" as required under section 6107. In *Long Term Credit Bank*, the Supreme Court indicated that a verification pursuant to 6 G.C.A. § 4308 ("I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).") is sufficient to comply with the verification requirement of section 6107. *Id.* at fn. 16. However, the statement filed by the Defendant fails to contain any such verification. The next question is whether this procedural defect may also be waived if not raised by the judge in his answer. Although the Supreme Court noted that a party's failure to comply with *any* of the requirements in Section 6107 is sufficient to strike or disregard the statement of objection (*Johnny* at ¶ 11), the Court has also held that an objecting party's failure to comply with at least one of the requirements may be waived if not raised in the judge's answer. *See Long Term Credit Bank* ¶ 43.

With regard to a statement of objection that also fails to contain a statement of verification, the Guam Supreme Court has not addressed this issue in the context of judicial

-4-

recusals except tangentially;[1] however, the Court has indicated that dismissal or disregard of the statement of objection may be "too harsh" a result. *Agana Beach Condominium Homeowners' Assoc. v. Mafnas*, 2013 Guam 9 ¶¶ 41–47 (comparing the requirement in section 6107 governing recusal of judges that statements of objection *may* be verified in the manner prescribed for verification set forth in 6 GCA § 4308 to verification requirement in pleading but holding that, while the trial court did not err in finding the petition not properly verified, it erred in dismissing the case)(citing *Long Term Credit Bank of Japan v. Superior Court*, 2003 Guam 10 ¶ 42 n.16 (numerous citations omitted).[2] In any event, because this defect was not raised in Judge Perez's Answer, it is waived.

**C. The Court cannot determine from the record if the Answer was timely.**

The Answer (Statement of Objection) filed by Judge Perez does not indicate whether he received personal service of the Objection or, if he was personally served, when this occurred. In addition, the Court will not presume that personal service had been made on the date of the filing of the Objection because this is an affirmative duty on the part of the party seeking the disqualification to establish. 7 GCA § 6107 ("Copies of such written statement shall forthwith be <u>served</u> by the presenting party on each party, or his or her attorney, who has appeared in the

---

[1] *See, e.g., Van Dox v. Super. Ct (Alcorn)*, 2008 Guam 7 ¶ 26 ("A statement is formally defective if it is improperly served, not verified, or untimely.")(citing 7 GCA § 6107; *Krebs v. L.A. Ry. Corp.*, 61 P.2d 931, 93334 (Cal. 1936)).

[2] *Cf Van Dox* ¶ 22 ("The [judge's] answer must be 'verified in the manner prescribed for the verification of pleadings.' 7 GCA § 6107. If an answer is not verified, then the answer is inadequate and *may* be disregarded")(emphasis added). Although Section 6107 provides that the judge's answer "must be verified in the manner prescribed for the verification of pleadings" which appears to be mandatory, rather than discretionary, the Supreme Court's opinion in *Van Dox* implies otherwise, and even if a judge's answer is inadequate due to the failure to include a verification clause, it may be disregarded, or it may be considered by the recusal judge. This would appear to strike a balance in the event that an objection which does not contain a verification clause is not be dismissed, allowing a judge's equally defective answer to be considered at the discretion of the recusal judge. Indeed, a recusal judge may schedule a hearing on the objection at its discretion and may then swear in a judge prior to taking testimony during the hearing. This is evidenced by the Court finding in *Van Dox* that "[i]f [Judge Steven Unpingco's] striking of the statement of objection was an abuse of discretion, then he will be deemed to have waived his answer and consented to his disqualification." *Id.* ¶ 24.

action or proceeding and <u>on the</u> Justice or <u>Judge</u> alleged in such statement to be disqualified")(emphasis added); *Long Term Credit Bank of Japan* ¶40.

Judge Perez's Answer declares only that he has "reviewed the Statement of Objection" in issuing his response. Answer (Statement of Objection) at 1 (Aug. 28, 2013). Thus, this reviewing court is unable to determine (1) whether the Objection is procedurally defective due to failure of service and (2) whether Judge Perez's Answer, filed on August 28, 2013 – more than 10 days after the filing of the Objection was timely. The result is that this Court will not strike the Objection in the first instance, nor will it find that Judge Perez has consented to the disqualification by the filing of his Answer more than 10 days after the Defendant filed the Objection. Instead, the Court determines that the Objection is insufficient as a matter of law in that it "fails to allege 'any facts that would serve as grounds for disqualification under Guam law....'" *Van Dox* ¶ 27 (citing *Johnny* ¶ 19).

## 2. Statement of Objection is Legally Insufficient.

Petitioner in his Objection bases his claim for the disqualification of Judge Perez solely upon 7 GCA § 6105(a), which provides that "[a]ny Judge shall disqualify himself or herself in any proceedings in which his or her impartiality might reasonably be questioned. . . . ." Under Guam law, "what matters is not 'actual bias,' but 'the appearance of bias.'" Van Dox ¶ 32 (citing *Dizon v. Super. Ct.*, 1998 Guam 3 ¶ 8). In evaluating Petitioner's claims, this Court assumes as true all evidence found in the record and in the Objection and attached Affidavits, even if uncorroborated by additional evidence, and applies "the standard of a 'reasonable person' who knows all the facts, and understands the 'contexts of the jurisdictions, parties, and controversies involved....'" *Van Dox* ¶ 32, quoting *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13. Moreover, "[a] court should not hypothesize about what the reasonable person would believe

-6-

only upon hearing the moving party's allegations. Instead, it should decide what the reasonable person would believe about a judge's partiality given all the relevant facts in the controversy." Ada ¶ 12.

On its face, the Objection itself does not allege facts which a reasonable person with knowledge of these facts, taken in the context of the jurisdictions, parties and controversies involved, which rise to the level of "bias or prejudice against an attorney. . .so virulent as to amount to bias against the party." (Van Dox ¶ 34, citing *United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir. 1985). Defendant Stahl's objection notes that Judge Perez "has known the family for many years *casually* in political activity contexts as well as growing up in adjacent villages." Objection (Aug. 9, 2013)(emphasis added). This admittedly "casual" relationship based on a vague reference to "political activity contexts" as well as "growing up in adjacent villages" is insufficient to justify the disqualification of Judge Perez. Indeed, even if one were to assume arguendo that Judge Perez had been appointed by the former Governor Carl T.C. Gutierrez, who is Defendant's former spouse's father, this fact alone would not necessarily be sufficient grounds to disqualify him from presiding over this case. *See Ada v. Gutierrez*, 2000 Guam 22 ¶ 13 ("the realities of the Guam judicial system should play a part in the application of the reasonable person standard" including the relative seclusion of the Guam political system and the nature of Guam families).[3] Additionally, there is nothing in the Objection that alleges that Judge Perez has committed any of the acts which the ABA Code of Judicial Conduct lists as

---

[3] Although the Guam Supreme Court applied the rule of necessity in *Ada* in reaching its decision that Judge Joaquin Manibusan was not disqualified from presiding over that case notwithstanding various tentacles connecting him or his family members to Governor Gutierrez, the High Court also held that it was not necessary that each of the seven judges of the Superior Court first disqualify themselves before applying the rule of necessity in that case, stating "[w]e see no legitimate reason to waste time and other resources when we can apply the rule of necessity immediately." *Ada* at ¶¶ 14 and 22.

"inappropriate political activity." *See* MODEL CODE OF JUDICIAL CONDUCT Canon 5(A)(1)(1990).

Moreover, the Guam Supreme Court has issued a caveat following *Dizon*:

> Notwithstanding our goal in *Dizon* to encourage disclosure of facts and urge judges to examine their potential for bias, we still noted, "[T]he recusal statutes should not be so broadly construed so as to become presumptive ..." *Dizon*, 1998 Guam 3 at ¶ 9. A judge's duty to hear a case and keep the wheels of justice rotating is just as strong as his or her duty to remove himself or herself if a reasonable person would not believe in his or her impartiality. *Kansas Public*, 85 F.3d at 1362; *In re Allied–Signal Inc.*, 891 F.2d at 970; *National Union*, 839 F.2d at 1229. We would not want judges to construe our decision in *Dizon* to mean that they should distance themselves from cases at the slightest suggestion.

*Ada* ¶15. The Objection seeks to disqualify Judge Perez from presiding over this matter because he, along with Defendant's ex-spouse's mother, "along with forty or more people," were indicted into a religious order. Objection (Aug. 9, 2013). As discussed above, on the face of the Objection, the fact that Judge Perez and over forty people, including the Defendant's former mother-in-law, is not sufficient to disqualify Judge Perez in the context of this case.[4]

## CONCLUSION

For the reasons stated above, Defendant's Objection and Request for Disqualification and Reassignment of Case is DENIED. **SO ORDERED** this __3rd__ day of February, 2014.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

FEB 0 3 2013

Florene U. Rivera
Deputy Clerk, Superior Court of Guam

Original Signed By
Hon. Maria T. Cenzon

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

---

[4] In this particular instance, Judge Perez answered that the facts listed in Defendant's statement of objection "are legally inadequate to cause a reasonable person to question the Court's impartiality in this matter." Answer at 2. This Court agrees and submits that Judge Perez had the authority, without this matter having to be assigned to a recusal judge, to strike or disregard it. *Van Dox* ¶ 25 (citing *Johnny*, 2006 Guam ¶¶ 12, 19, 22 (footnote omitted)).